**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Matthew Gibson,

      Plaintiff,                                 Civil Action File No.:

v.

Radius Global Solutions, LLC,         **COMPLAINT WITH**
                                      **JURY TRIAL DEMAND**

      Defendant.

_____

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Matthew Gibson, is a natural person who resides in White County, Georgia.

2.    Defendant, Radius Global Solutions, LLC, is a corporation registered to do business in Georgia and can be served with process via its registered agent,

CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7.      Plaintiff has undergone severe physical hardships both personally and via members of his family that have caused him to incur a significant amount of

medical expense.  As a result of the lack of insurance and lost employment opportunities, the Plaintiff has fallen behind on a number of these accounts from various providers.

8.     Plaintiff is allegedly obligated to pay a consumer debt arising out of medical debt and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant is a collection agency specializing in the collection of consumer debt.

10.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11.     Defendant markets itself as, "…a leading provider of account recovery and debt collection, customer relationship management, and healthcare revenue cycle management solutions." See, https://www.radiusgs.com/about-us/. (Last visited January 6, 2020.)

12.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     As part of an ongoing effort to get his financial affairs in order, the Plaintiff obtained a copy of his credit report as published by Transunion and Experian on or about December 17th, 2019.

15.     In reviewing his credit files, Plaintiff noted that Defendant had reported to Transunion and Experian, two major credit reporting agencies, an account under collection in the amount of $1,622.00.

16.     The applicable tradelines show that the accounts have been published by the Defendant monthly since March 2019 and most recently on November 18, 2019.  A reproduction of the tradeline appears below,

| | | | | | |
|---|---|---|---|---|---|
| **Name:** Radius Global Solution | **Current:** $1,622 | **Date Opened:** 07/2019 | **Monthly:** $0 | Central Credit Services, LLC 9550 Regency Square Blvd Suite 500 A Jacksonville, FL 32225 | 9550 Regency Square Jacksonville, FL 32225 844-802-3990 |
| **Type:** Individual / Applicant | **High Credit:** $1,622 | **Last Reported:** 11/18/2019 | **Past Due:** $1,622 | | |
| **Account:** XXXX8451 | | **Last Activity:** NA | **Pay History:** 99 | | |
| **Status:** Open, Collection | | | | **Verified:** 07/2019 | |
| **Term:** 1 Month | | | | | |
| Open, Collection Attorney | | | | | |
| **Original Creditor:** ARUANA EMERGENCY PHYSICIANS L | | | | | |

17.     As would be expected, and as intended by Defendant, Plaintiff is concerned about both his debt and his credit file and how payments would be reflected on the latter.

18.     On or about December 23rd, 2019, Plaintiff initiated a call to Defendant to obtain more information about the debt and how he could resolve it.

19.    When the Plaintiff asked about the entries made by Defendant on his credit reports, he was told that Defendant was collecting an account in the amount of $1,622.00 on behalf of CF Medical.  CF Medical does not appear on any of the tradelines reported by Defendant to the credit reporting agencies.

20.    Knowing that paying the sum being sought by the Defendant is a financial impossibility, the Plaintiff asked what the ramifications would be if we simply cannot pay the debt.

21.    Defendant informed him that the account would remain in collections until such time as the owner of the debt removed it from Defendant.

22.    The Plaintiff next inquired as to whether or not the balance owed could be broken up into smaller regular payments. Upon information and belief, Defendant responded that it would accept and apply partial payments in any amount to the balance owed.

23.    The Plaintiff then asked if partial payments accepted by the Defendant would be reflected on his credit report. Upon information and belief, the Defendant answered clearly in the negative and stated that the only time his credit report will be updated is once the account is paid in full as reported or per a reduced settlement amount.

24.     Credit reporting by a furnisher such as the Defendant is regulated by The Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.

25.     Per 15 U.S.C. § 1681s-2(a)(1)(A) a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

26.     Moreover, a data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness. 15 U.S.C. § 1681s-2(a)(2)(B).

27.     Upon information and belief, Defendant's agreements with Transunion and Experian require Defendant to report account information on a regular basis or schedule.

### INJURIES-IN-FACT

28.     The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." McCamis, at 4, citing Church, at 3.

31.     Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

32.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

33.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.)    Anxiety and worry caused by concern that Defendant will engage in unlawful conduct to exert continued pressure upon the Plaintiff.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

34.    Plaintiff incorporates by reference paragraphs 1 through 33 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

35.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

36.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

37.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

38.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

39.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

40.     The Defendant's representation that it would not provide the current payment status and balance of Plaintiff's account with its regular monthly reporting to credit reporting bureaus was a threat to violate the law regarding such reporting; specifically 15 U.S.C. §§ 1681s-2(a)(1)(A) and (a)(2)(B).

41.     The Defendant's representation was a violation of 15 U.S.C. § 1692e, e(5), and e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

42.     Plaintiff incorporates by reference paragraphs 1 through 33 and 35 through 41 as though fully stated herein.

43.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

44.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

45.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

46.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

47.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

48.     Defendant's conduct has implications for the consuming public in general.

49.     Defendant's conduct negatively impacts the consumer marketplace.

50.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

51.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

54.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

55.     Plaintiff is entitled to and hereby requests a trial by jury.

11

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)   Plaintiff's actual damages;

b.)   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a)

      & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

      and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of January, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*